UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREDITH SPENCER,

    Plaintiff,

v.                                                    Case No. 08-11870

KRAFT FOODS GLOBAL, INC.,          HONORABLE AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND
DISMISSING PLAINTIFF'S TITLE VII CLAIMS ALLEGING GENDER AND
RELIGIOUS DISCRIMINATION WITHOUT PREJUDICE**

I.  Introduction

This is an employment discrimination case. Plaintiff Jeredith Spencer is suing defendant, Kraft Foods Global, Inc. ("Kraft"), her former employer. Spencer claims that Kraft terminated her employment in violation of state and federal law. She specifically claims:

    Count I. - Race and gender discrimination in violation of the Michigan Elliot-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 et seq.

    Count II - Race and gender discrimination in violation of Title VII of the Civil rights Act of 1964, codified at 42 U.S.C. § 2000e (2008)

    Count III - Religious discrimination in violation of Title VII, and

    Count IV - Religious discrimination in violation of the ELCRA.

    Before the Court is Kraft's motion to dismiss Spencer's gender and religious

discrimination claims under Title VII.[1] Essentially, Kraft says that Spencer failed to check the appropriate boxes on the EEOC form to indicate she was claiming gender and religious therefore cannot pursue them as federal claims. For the reasons that follow, the motion will be granted. Spencer's Title VII claims alleging gender and religious discrimination will be dismissed without prejudice.

## II. Background

The material facts as gleaned from the complaint and parties' papers follow.

### A. Factual Summary

Spencer began working for Kraft as a part-time employee sometime in 1997. She worked for Kraft for approximately nine years as a "merchandiser." Spencer says she had no history of absenteeism, tardiness, theft, or insubordination. She also says that her work performance was always satisfactory or above. Despite this, Spencer says that Kraft terminated her on August 4, 2006 for allegedly failing to respond to company voicemails assigning her to report to work at a new job site.

Following her termination, on August 5, 2006, Spencer filed a "Charge of Discrimination" form with the EEOC and the Michigan Department of Civil Rights. Under the section heading "DISCRIMINATION BASED ON," Spencer checked two boxes – "race" and "retaliation." She then gave particulars, quoted below in their entirety:

---

[1] As noted at the hearing, Kraft's motion exhalts form over substance. Spencer still has claims of gender and religious discrimination under the ELCRA and the nature of the proofs under Title VII and the ELCRA are substantially the same. See DeBoer v. Musashi Auto Parts, Inc., 124 F. App'x 387, 391 (6th Cir. 2005). Thus, the motion is somewhat a tempest in a teapot.

2

I began employment with the [Defendant] in May 1996, as a Part-Time Merchandiser. I last held the same position.

On or about May 8, 2006, I was subjected to a Functional Capacity Assessment test (FCA), of which I had previously been told I had not passed, even though my scores were enough to perform my duties. After being released to return to work with no restrictions, from a medical leave of absence in March 2005, my employer refused to allow me to return to work. My employer contacted me in October 2005, and subjected me to a series of tests. I was told that I had not passed the (FCA), and therefore could not be reinstated. I was once again contacted in May 2006, to complete the (FCA) test. I was told that I had passed the test and could now be reinstated into a part-time position, at another location, across town. I was told that if I did not accept the part-time position I would receiver a Severance Package. I am aware that Caucasian employees, whom after returning from medical leave have been allowed to remain in their full-time status, and are allowed to remain in their same territory. I am also aware that there was a vacancy near my former territory. Before my leave of absence I had made numerous complaints of racial discrimination against my immediate supervisor.

On July 20, 2006, I received a write-up for not working on July 21-23, 2006. My employer was aware that every year at the same time, I attend a religious convention.

On August 2, 2006, after informing my employer well in advance of a personal trip I was taking, I received a write-up, for not being available to work on Monday, July 31, 2006, and Wednesday, August 2, 2006. Since returning to a part-time status, I had been informed by immediate supervisor that part-time employees did not work on Wednesdays.

On approximately August 5, 2006, I received notification that my employment was being terminated for failure to work on Monday, July 31, 2006, and Wednesday, August 2, 2006.

I believe I have been denied reinstatement to full-time position, disciplined due to my race African American, and discharged in retaliation for filing previous complaints against my supervisor, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Following its investigation, the EEOC mailed Spencer a letter dated September 27, 2007, detailing the findings of its investigation. The letter informed Spencer that the EEOC had ceased its investigation and informed her that she "now [has] the right to pursue this matter in court on your own behalf." Notably, the investigation turned up "no

3

evidence to support your allegations of being disciplined, due to your race, African American, and discharged in retaliation for filing previous complaints against your supervisor." The letter further stated, in bold text, "**with regards to your allegation of being denied reinstatement to a full time position because of race discrimination, the EEOC has found reasonable cause to believe your allegation is true**."

On September 28, 2007, the EEOC mailed Spencer a form entitled "Dismissal and Notice of Rights" (also known as the "right-to-sue" letter), noting that the EEOC was terminating its investigation of "race related discipline, denial of pay raise and retaliatory discharge." The form specifically noted, "[n]o finding is made as to any other issues that might be construed as having been raised by this charge." Importantly, the form informed Spencer that "[y]our lawsuit must be filed WITHIN 90 DAYS from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost."

### B. Procedural Posture

On March 26, 2008, Spencer sued Kraft in state court, claiming race and gender discrimination under Title VII and the ELCRA. Kraft removed the case to federal court on the grounds of diversity jurisdiction. After removal, Kraft filed the instant motion to dismiss Spencer's gender discrimination claim under Title VII. Spencer then asked for, and the Court granted, leave to amend the complaint to add a state and federal claim alleging religious discrimination. Kraft then filed an amended its motion to dismiss to address Spencer's religious discrimination claim under Title VII.

### III. Motion to Dismiss

A motion under Fed. R. Civ. P. 12(b)(6) seeks dismissal for a plaintiff's failure to

4

state a claim upon which relief can be granted. "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). To survive a motion to dismiss under Rule 12(b)(6), a "'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n., 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S. Ct. 1955, 1974 (2007). "[E]ven though a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1969).

IV. Analysis

A.

A federal court only has subject matter jurisdiction over a Title VII claim if: (1) the "claimant explicitly files the claim in an EEOC charge," or (2) "the claim can be reasonably expected to grow out of the EEOC charge," also known as the "expected scope of investigation test." Strouss v. Mich. Dept. of Corr., 250 F.3d 336, 342 (6th Cir. 2001). The determination of what additional claims an EEOC investigation would

5

reasonably give rise to is factually dependant. See Weigel v. Baptist Hosp. Of East Tenn., 302 F.3d 367, 380 (6th Cir. 2002) (noting that "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim," plaintiff may bring suit on that claim); see also Sodexho, 157 F.3d at 463 (stating that when an EEOC investigation "in fact reveals evidence of a different type of discrimination[,]" the new claim is not barred). The policy behind allowing a plaintiff to pursue additional claims that arise in the course of the EEOC's investigation is that, typically, the person filling out the EEOC charge is a "layperson," who may not understand the need for legal specificity. Sodexho, 157 F.3d at 463 (citing EEOC v. Bailey Co., 563 F.2d 439, 447 (6th Cir. 1997)).

B.

Here, it is clear that Spencer failed to check the boxes for gender or religious discrimination. Spencer, however, says that the EEOC's investigation dealt with the issues of gender and religious discrimination. It is unclear from the record whether this was the case. Based on the record as it stands, the Court concludes that claims of gender discrimination and religious discrimination are not claims which would reasonably be expected to arise out of an investigation of Spencer's race and retaliation claims. See EEOC v. Bailey Co., 563 F.2d 439, 446 (6th Cir. 1977) (upholding dismissal of religious discrimination claim because such claim did not grow out of race and sex discrimination charge filed with EEOC); Hall v. State Farm Ins. Co., 18 F. Supp. 2d 751, 765 (E.D. Mich. 1988) (dismissing sex discrimination claim where plaintiff alleged only race discrimination in EEOC charge). Moreover, Spencer's narrative statement does not appear to given any facts to support a gender or religious discrimination charge,

6

with the exception of an isolated remark about Spencer attending religious services. The documents from the EEOC in the record, as noted above, focus on claims of race discrimination and retaliation. There is simply insufficient information to conclude that the EEOC was on notice of Spencer's gender and religious discrimination claims. Accordingly, these claims must be dismissed.

Be that as it may, Spencer says that further discovery, particularly access to the complete EEOC file, will support her argument that in her dealings with the EEOC, she submitted or referred to writings or notes substantiating her gender and religious discrimination claims. Thus, she argues that the investigation did encompass these claims. Due to the absence of the EEOC file in the record, the Court shall dismiss Spencer's gender and religious discrimination claims without prejudice to her right to move to reinstate them in the event the EEOC file in fact reveals that such claims were part of the investigation.

V. Conclusion

For the reasons stated above, Kraft's motion to dismiss is GRANTED. Spencer's claims of gender and religious discrimination under Title VIII are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.


Dated: July 10, 2008          s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

**08-11870 Spencer v. Kraft Foods Global, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 10, 2008, by electronic and/or ordinary mail.

                                              s/Julie Owens
                                              Case Manager, (313) 234-5160